COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judge Willis and Retired Judge Fitzpatrick[*]
Argued at Richmond, Virginia


WESLEY W. LEWIS

                                                      MEMORANDUM OPINION[**] BY
v.        Record No. 2935-04-2                  JUDGE ELIZABETH A. McCLANAHAN
                                                             APRIL 11, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

Phillip Sasser, Jr. (Joseph E. Hicks; Jarrell, Hicks & Sasser, P.C.,
on brief), for appellant.

Deana A. Malek, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


        Wesley W. Lewis appeals his conviction for a single robbery, upon a conditional Alford

guilty plea.  Lewis contends the trial court erred in denying his motion *in limine* to prevent the

Commonwealth from introducing evidence of a separate robbery attempt for the purpose of

establishing Lewis's identity as the perpetrator of the three robberies for which he was charged.

For the reasons that follow, we affirm the trial court.

I.  BACKGROUND

        Lewis was charged with three counts of robbery of the same 7-Eleven convenience store

in Spotsylvania County occurring on August 22, September 4, and October 22, 2003.  Lewis

filed a motion *in limine* to prevent the Commonwealth from introducing evidence, including

---

        [*] Judge Fitzpatrick participated in the hearing and decision of this case prior to the
effective date of her retirement on March 31, 2006.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

DNA evidence, obtained from a robbery attempt in Fredericksburg on September 13, 2003. That evidence implicated Lewis as the perpetrator of the robbery attempt. After an evidentiary hearing, the trial court denied Lewis's motion, ruling that the Commonwealth was entitled to use the evidence for the purpose of identifying Lewis as the perpetrator of the three Spotsylvania County robberies.

Lewis subsequently entered a conditional Alford guilty plea, pursuant to a written plea agreement, which the court accepted. The plea agreement included Lewis's plea to the October 22, 2003 robbery; the Commonwealth *nolle prossed* the August 22, 2003 and September 4, 2003 robberies; and the court sentenced him to seven years incarceration.[1] The plea agreement also contained an agreed summary of the Commonwealth's evidence against him, including the evidence from the September 13, 2003 Fredericksburg robbery attempt. It was stipulated that this evidence "constitute[d] a *prima facie* case" against Lewis for the three 7-Eleven robberies. Nevertheless, Lewis's conditional plea specifically preserved his right to appeal the denial of his motion *in limine* to prevent the Commonwealth's introduction of the evidence from the Fredericksburg robbery attempt. See Code § 19.2-254.

According to the agreed summary of the Commonwealth's evidence, on August 22, 2003, Robert Dellinger was working as a clerk at a 7-Eleven in Spotsylvania County when a thin black man, with a shirt pulled over his face as a mask, entered the store. A white sock covered both his left hand and the weapon he was holding. The man demanded cash, and Dellinger relinquished approximately $100 from the register. The robber then ran out of the store and proceeded northbound on foot along Salem Church Road. Police later tracked the robber's flight across Salem Church Road to a nearby construction site.

---

[1] Also pursuant to the plea agreement, the Fredericksburg Commonwealth's Attorney agreed not to prosecute the September 13, 2003 robbery attempt.

On September 4, 2003, Dellinger was again working at the 7-Eleven when the same thin black man entered the store with a shirt pulled over his face and brandished a weapon in his hand, the hand and weapon again covered with a white sock. Acceding to the robber's demand for cash, Dellinger gave him approximately $98 from the register. The robber then ran out of the store and proceeded on foot in the same northerly direction. Again, police tracked the robber's flight to the nearby construction site.

On September 13, 2003, James Cline was working as a desk clerk at a motel in Fredericksburg, approximately one-half mile from the Spotsylvania County 7-Eleven, when he was approached by a thin black man wearing a hooded sweatshirt fashioned as a mask to conceal his face. The robber's left hand and a weapon were also covered with a white sock. The man approached Cline and demanded cash. A struggle ensued during which Cline pulled the sock off the robber's hand, revealing a taser-like device. The robber then fled west on foot toward Salem Church Road.

Approximately fifteen minutes after the police issued an alert regarding the robbery attempt, a Spotsylvania police officer observed a thin black male, on a bicycle, matching the robber's description. He was traveling north on Salem Church Road, in the vicinity of Lewis's residence. As the officer turned to proceed in his direction, the man dropped the bicycle in a ditch and ran away. The bicycle was recovered as evidence.

The next morning, Lewis called the Fredericksburg police, stating that his bicycle had been stolen in the vicinity of Salem Church Road. Lewis claimed a friend told him that he had seen the police "chasing" a black man on a bicycle on Salem Church Road the night before and "maybe" it was Lewis's bicycle.

On October 22, 2003, Dellinger was again at work at the 7-Eleven when the same thin black man entered the store, wearing a blue hooded jacket, blue jeans, and tennis shoes with

distinctive green stripes down the sides. The man announced he was there for a "hold up" and removed his sock-covered hand from his pocket. In this robbery, approximately $162 in cash was taken from the register. The robber fled the store, and ran in the same northerly direction.

Lewis was taken into custody as a suspect on the night of the robbery and was subsequently arrested for all three 7-Eleven robberies. On the same night, in a search of Lewis's residence near the 7-Eleven, police recovered a blue hooded jacket and tennis shoes with green stripes, which matched those described by Dellinger and depicted on the store videotape. Lewis acknowledged to police that the robber was "somehow" wearing his jacket and shoes at the time of the third robbery—the same jacket and shoes recovered by police from Lewis's residence shortly after the robbery. He also admitted the bicycle that the police recovered after the Fredericksburg robbery attempt was his.

Dellinger was unable to identify the robber in the 7-Eleven robberies because the robber's face was concealed in all three robberies.

A DNA sample taken from Lewis was compared with DNA isolated from the sock obtained from the Fredericksburg robbery attempt. Lewis could not be eliminated as a possible contributor of the DNA from the sock as there was a one in six billion (the approximate world population) chance that the DNA belonged to anyone other than Lewis.

## II. ANALYSIS

While evidence of "other crimes" is generally inadmissible to prove that the defendant is guilty of the crime charged, such evidence "is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime." Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616 (1990). It is well established that "one of the issues upon which 'other crimes' evidence may be admitted is that of the perpetrator's

identity, or criminal agency . . . ." Id. (citations omitted). Where identity is so disputed, "[p]roof

of *modus operandi* is competent evidence." Id. (citation omitted). Furthermore,

> evidence of other crimes, to qualify for admission as proof of
> *modus operandi*, need not bear such an exact resemblance to the
> crime on trial as to constitute a "signature." Rather, it is sufficient
> if the other crimes bear "a singular strong resemblance to the
> pattern of the offense charged." That test is met where the other
> incidents are "sufficiently idiosyncratic to permit an inference of
> pattern for purposes of proof," thus tending to establish the
> probability of a common perpetrator.

Id. at 90, 393 S.E.2d at 616 (citations omitted). Once that test is met, the trial court, in its sound

discretion, weighs the probative value of the evidence against its incidental prejudice to the

defendant, and on appeal, the exercise of that discretion will not be disturbed "in the absence of a

clear abuse." Id. at 90, 393 S.E.2d at 617. See generally Johnson v. Commonwealth, 259 Va.

654, 676-78, 529 S.E.2d 769, 782-83, cert. denied, 531 U.S. 981 (2000); Chichester v.

Commonwealth, 248 Va. 311, 326-28, 448 S.E.2d 638, 648-50 (1994).

In this case, Lewis argues that the "necessary connection" does not exist between the

three Spotsylvania County 7-Eleven robberies for which he was charged, and the Fredericksburg

robbery attempt, the source of the "other crimes" evidence. We disagree.

Applying Spencer, we conclude that the Fredericksburg robbery attempt, in which Lewis

was identified as the perpetrator (from, *inter alia*, DNA evidence), "bears sufficient marks of

similarity" to the Spotsylvania County robberies to establish that Lewis was "probably the

common perpetrator." Chichester, 248 Va. at 327, 448 S.E.2d at 649 (citing Spencer, 240 Va. at

90, 393 S.E.2d at 617). The record also supports the trial court's finding that the probative value

of the evidence from the Fredericksburg robbery attempt outweighed its incidental prejudicial

effect. Accordingly, we hold that the court did not abuse its discretion in denying Lewis's

motion *in limine* to exclude the evidence.

Affirmed.